UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| PEACE ROSE WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26-CV-91 |
| | ) | |
| RAY CONKLIN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and accompanying Motion [Doc. 1] asking to proceed in forma pauperis. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

## I.     *IN FORMA PAUPERIS* APPLICATION

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action without paying the administrative costs applicable to the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot afford to pay for the

costs of litigation and still pay for the necessities of life due to being impoverished. *Id.* at 339, 69 S. Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the case at hand, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and her economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Application to Proceed Without Prepayment of Fees [Doc. 1] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.**

When a Plaintiff is proceeding *in forma pauperis,* applicable law directs the district court to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319. This screening process requires that the Court consider the facts alleged by a plaintiff in conjunction with applicable law. The Court will now undertake that screening process as to Plaintiff's Complaint.

## II.    FACTUAL ALLEGATIONS

Plaintiff is bringing this action pursuant to under 42 U.S.C. § 1983, against Sullivan County General Sessions Judge Ray Conkin, as well as Sullivan County, Tennessee, alleging Defendants violated her Fourteenth Amendment right to due process. *See* [Doc. 2]. Specifically, Plaintiff states that during a June 26, 2025 court hearing, Defendant Conkin "refused to allow Plaintiff Peace Williamson to plead her case or produce evidence regarding the extension of her children's protection order." [Doc. 2, p. 3].[1] According to Plaintiff, leading up to the hearing, she and her

---

[1] Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Doc. 1] states that she has three children.

children were under an Order of Protection in Sullivan County General Sessions Court.[2] Prior to the hearing, Defendant Conkin told Plaintiff he had "received a phone call and was dissolving the children's protection order and that this hearing would only be to extend her protection order." *Id*. Plaintiff states that she had prepared evidentiary testimony regarding serious harm the children had suffered at the hands of their father, Shawn Crist, including him causing one of their children to have a seizure. *Id*. at 4. Plaintiff states that since the order of protection for the children has been dissolved, the "children were exposed to their father and to high levels of methamphetamine, abuse, and other dangers." *Id*.

Plaintiff is asking for $3,000,000.00 in compensatory damages, punitive damages in an amount to be determined by a jury, and an injunction requiring Defendant Conkin "to conduct a proper due process hearing regarding the children's protection order." [Doc. 2, p. 6].

### III. LEGAL ANALYSIS

#### a. *Leniency afforded to pro se litigants*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915

---

[2] While Plaintiff does not explicitly state who the Order of Protection was in place against, from context it appears to be the children's father, Shawn Crist.

screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

### a. *Law governing claims alleging violation of civil rights claims*

Plaintiff is suing an employee of the state of Tennessee under 42 U.S.C. § 1983, which permits suit against government officials for violations of rights under the Constitution or other laws. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Accordingly, the Court will analyze Plaintiff's allegations in conjunction with the requirements set forth in 42 U.S.C. § 1983. That Section creates a federal cause of action where a person acting under color of law causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." To successfully pursue a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding*, 241 F.3d at 532. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

### b. *Proper defendants*

Suits may be brought by private citizens against counties and municipalities under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–92 (1978). However, to

successfully bring suit against a government entity, a plaintiff must allege that the violation at issue was sanctioned by a policy or custom of that entity. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978)). As a court in this district has explained, "[a] government entity is liable under 42 U.S.C. § 1983 only when the execution of a government policy or custom, whether made by its lawmakers or those officials whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Rhodes v. City of Chattanooga, Tennessee*, No. 1:04-CV-045, 2005 WL 2647921, at \*5 (E.D. Tenn. Oct. 14, 2005). On the other hand, a government entity cannot be held vicariously liable under 42 U.S.C. § 1983 for the acts of its employees or agents. *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000). Liability attaches where a constitutional violation results from the "execution of a government's policy or custom." *Id*. Further, Plaintiff must also show that, "through its deliberate conduct, the [government entity] was the 'moving force' behind the injury alleged." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 671, 404 (1997). Plaintiff has not made the necessary showing here to state a claim against Sullivan County, Tennessee. While her Complaint states that Sullivan County is "responsible for the policies, customs and practices to the Sullivan County Courthouse," she does not point to a specific policy at issue here. [Doc. 2, p. 3]. Furthermore, she does not assert that a policy of Sullivan County was the "moving force" behind her alleged injury. Ultimately, Plaintiff's allegations against Sullivan County all boil down to her complaints regarding the actions of Defendant Conkin. Therefore, the Court recommends that Plaintiff's claims against Sullivan County be dismissed.

### c. *Plaintiff's claims are barred by judicial immunity*

Generally, judges "have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). Even so, not every action

taken by a judge in his or her judicial capacity will be covered by this immunity. *Id.* Instead, the Court looks at whether the judicial conduct alleged occurred in the absence of any legal authority. *Id.* In other words, the Court considers whether a judge's actions occurred in the absence of all jurisdiction. *Mireles*, 502 U.S. at 12. The Court will find that a judge has acted "in the clear absence of all jurisdiction if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). So long as they have subject matter, judges are granted immunity even where "they act erroneously, corruptly or in excess of jurisdiction." *Id.* (citing *Stump v. Sparkman,* 435 U.S. 349, 356-59 (1978); *Bradley v. Fisher,* 80 U.S. [13 Wall.] 335, 351, 20 L.Ed. 646 (1871); *Sevier v. Turner,* 742 F.2d 262, 271 (6th Cir. 1984)). However, "[t]he term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity." *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir.1997) (citing *Stump*, 435 U.S. at 356).

Here, Plaintiff is suing Judge Conkin in his individual and official capacities, based on his dissolution of an order of protection without permitting her to present evidence. An order of protection may be sought in either a "court of record with jurisdiction over domestic relation matters or the general sessions court of the county in which the petitioner resides." Tenn. Code Ann. § 36-3-601(3)(C). Judge Conkin is a General Sessions Court Judge in Sullivan County. That statute governing the jurisdiction of General Session Courts in Tennessee states:

> (a) The court of general sessions is vested with all of the jurisdiction and shall exercise the authority formerly conferred by law upon justices of the peace in civil and criminal cases, suits and actions. The jurisdiction, power and authority of the court shall be coextensive with the county.

Tenn. Code Ann. § 16-15-501.

As a general sessions judge, Judge Conkin maintained jurisdiction over the orders of protection in the underlying case. Accordingly, the consideration and disposition of an order of

protection is well within the jurisdiction of the Sullivan County General Sessions Court and Judge Conkin. *See Reeners v. McCormick*, No. 3:24-CV-00555, 2025 WL 257004 (M.D. Tenn. Jan. 17, 2025), *report and recommendation adopted sub nom. Reneers v. McCormack*, No. 3:24-CV-00555, 2025 WL 470905 (M.D. Tenn. Feb. 12, 2025); *see also Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652 (Tenn. Ct. App. March 7, 2001)(general sessions courts have jurisdiction over orders of protection).

## IV. CONCLUSION

All claims asserted by Plaintiff in her complaint against Defendant Conkin and Sullivan County flow entirely and directly from actions Defendant Conkin took within the scope of his judicial responsibilities. Because Defendant Conkin did not act in absence of all jurisdiction, Plaintiff's claims against him are barred by absolute judicial immunity. Similarly, Plaintiff's claims against Sullivan County invoke vicarious liability for actions taken by Defendant Conkin within the scope of his judicial responsibilities, and for that reason, those claims should likewise be dismissed. Given the application of judicial immunity to Plaintiff's claims, it appears that permitting her to amend would be futile. As such, the undersigned **RECOMMENDS** that the claims brought by Plaintiff against Defendants Conkin and Sullivan County be **DISMISSED**.

This Report and Recommendation is to be presented to the District Court under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).